Filed 9/26/23  In re T.S. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re T.S., a Person Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.V. et al., <br><br> Defendants and Appellants. | F085886 <br><br> (Super. Ct. No. JJV074704A) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Glade F. Roper, Judge.  (Retired Judge of the Tulare County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Jesse F. Rodriguez, under appointment by the Court of Appeal, for Defendants and Appellants, A.V. and G.V.

Jennifer M. Flores, County Counsel, and Jason G. Chu, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Meehan, J.

G.V. (maternal aunt) and A.V. (maternal uncle) (collectively, the appellants) are the former legal guardians of T.S. (born August 2009). Respondent is the Tulare County Health and Human Services Agency (agency). The parties seek a stipulated reversal of the juvenile court's order terminating the legal guardianship and the order issuing jurisdictional and dispositional findings. The parties also seek to remand the matter to the juvenile court for a new jurisdiction hearing and an immediate issuance of the remittitur. We accept the stipulation, reverse the order terminating the legal guardianship, remand for a new jurisdiction hearing, and order an immediate issuance of the remittitur

### FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2023, the agency filed a petition on behalf of T.S. pursuant to Welfare and Institutions Code[1] section 300, subdivisions (d) (sexual abuse) and (g) (no provision for support). Allegation d-1 alleged T.S. was being sexually abused by an adult male cousin who regularly visited the home. At the time, appellants were the legal guardians of T.S. The petition alleged appellants knew or reasonably should have known T.S. was in danger of sexual abuse and failed to protect her. Allegations g-1 and g-2 alleged mother and father's whereabouts were unknown and T.S. had been left without support.

On February 1, 2023, the juvenile court held a detention hearing and the court found a prima facie case had been established, ordered T.S. detained, and set a jurisdiction and disposition hearing.

Prior to the jurisdiction and disposition hearing, the agency filed a motion to terminate the guardianship pursuant to section 728. According to the motion, appellants did not want to continue as T.S.'s legal guardians and did not want to reunify with her.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

On March 9, 2023, the juvenile court held a combined jurisdiction and disposition hearing where it also heard the agency's motion to terminate the guardianship. The court heard the motion first and granted it. The guardians were present and confirmed they no longer wished to continue to with the guardianship. After the motion was granted, the guardians were instructed to exit the courtroom. The court then sustained the petition, which included the d-1 allegation involving appellants and ordered T.S. removed from the parents and legal guardians.

On March 10, 2023, appellants filed a notice of appeal.

## DISCUSSION

The parties have filed a "Joint Application and Stipulation for Reversal of Judgement and Remand of Action to the Superior Court," in which they stipulate to reversal of the order terminating the legal guardianship, reversal of the judgment entering jurisdictional and dispositional findings, and remand to the juvenile court for a new jurisdiction hearing.

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8) is permissible in a dependency case when the stipulated reversal will not adversely affect the rights of any nonparty or the public, the reason for requesting reversal outweighs the erosion of public trust that may result from nullification of a judgment, and " 'the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement.' " (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

None of these factors preclude us from accepting the parties' stipulated reversal. The stipulated reversal only affects the rights of the parties, not the rights of any nonparty or the public. The reason for requesting reversal—to allow appellants the opportunity to contest the d-1 allegation—outweighs any conceivable erosion of public trust as there is judicial error and the parties are seeking to expedite and return the case to the juvenile court to correct it. Appellants were denied the opportunity to contest the d-1 allegation

3.

because the juvenile court terminated the guardianship and then dismissed appellants from the courtroom.  Thereafter, the court moved on to jurisdiction and found allegation d-1 true.  Finally, settlement is not an issue here because the parties have identified a specific error that would lead to reversal of the orders.  Accordingly, we grant the motion.

## DISPOSITION

The juvenile court's March 9, 2023 termination of guardianship order and the order making jurisdictional and dispositional findings are reversed.  T.S.'s case is remanded to the juvenile court to hold a new jurisdiction hearing.  The clerk is directed to issue a remittitur forthwith.  (Cal. Rules of Court, rule 8.272(c)(1).)